## Lewis v. Commonwealth.

(Decided October 12, 1923.)

Appeal from Edmonson Circuit Court.

Criminal Law—Sales of Intoxicating Liquor Held Separate, and
Conviction for One Not Bar to Prosecution for Other.—Where
two persons, obtaining liquor in different utensils, offered to pay
by check, but, at the suggestion of defendant, one of them gave
him his check for all of the liquor, and the other agreed to re-
imburse him, held, that there were two separate and distinct
sales, and that a conviction for one was not a bar to prosecution
for the other, though the evidence was practically the same on
both trials.

MILTON CLARK, B. M. VINCENT and M. M. LOGAN for ap-
pellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted in this case of illegally sell-
ing three pints of whiskey to Alfred Payne.

The first ground assigned for reversal of the judg-
ment is that there was no proof the sale occurred in Ed-
monson county, and that as a consequence his motion for
a directed acquittal was improperly overruled.

Counsel are clearly in error in this contention, since
two witnesses, after describing what occurred, were asked
if the transaction described occurred in Edmonson
county, and both answered in the affirmative. It is per-
fectly clear that both the questions and answers referred
to the entire transaction detailed, and not simply to the
concluding part thereof, as counsel assume.

The only other error alleged is that a plea in bar was
improperly overruled.

Payne and one William Wolf went to the home of the defendant together to buy whiskey, and after some discussion as to how much they desired to purchase, Payne decided that he would take three pints, and Wolf that he would take a quart. Wolf had no container in which to get his quart, but Payne had three empty pint bottles, which he delivered to the defendant. Thereupon, the defendant procured a quart jar, filled it with whiskey and delivered it to Wolf, and filled the three pint bottles and delivered them to Payne. Each purchaser offered to pay by check but at the suggestion of defendant, Payne gave him his check for all the liquor, and Wolf agreed that he would reimburse Payne for his quart as soon as he could cash a check at a nearby store, which he did a few minutes later.

Appellant was separately indicted, tried, and convicted—upon practically the same evidence as above detailed—for a sale to Wolf, and that conviction was pleaded in bar of this action.

In support of this contention, it is insisted that there were not two separate sales, one to Wolf and the other to Payne, but that the entire transaction constituted only a single sale of five pints of whiskey to Wolf and Payne jointly, and that, as a consequence, defendant's former conviction was a bar to the prosecution of this action.

We are clearly of the opinion, however, that the evidence is not susceptible of this construction, but discloses rather two separate and distinct sales. Hence a conviction for one is not a bar to the other, and the trial court did not err in so holding.

The fact that the evidence was practically the same upon both trials is not controlling, or even material, since the two separate sales were negotiated simultaneously, and it would have been quite difficult, if not impossible, to produce separately that which applied alone to either. Besides there was no effort upon the part of defendant to have excluded that part of the evidence not directly in point, since he was claiming then, as he does now, that there was but one sale as shown by all of the evidence.

Judgment affirmed.